WATSON v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

Railroads: KILLING STOCK : SUFFICIENCY OF COMPLAINT. *Jackson v. St. Louis, Iron Mountain & Southern R'y Co., ante,* p. 147, followed and re-affirmed.

*Appeal from Buchanan Circuit Court.*—Trial before HON. H. S. KELLEY, Judge of the Twenty-ninth Judicial Circuit.

AFFIRMED.

*M. A. Low* for appellant.

The petition does not state facts sufficient to constitute a cause of action.   *Rowland v. Railroad Co.,* 76 Mo. 619; *Railroad Co. v. Bishop,* 29 Ind. 202 ; *Railroad Co. v. Robinson,* 35 Ind. 380 ; *Cunningham v. Railroad Co.,* 70 Mo. 202 ; *Field v. Railroad Co.,* 76 Mo. 614 ; *Gautlet v. Egerton,* L. R., 2 C. P. 371.

*S. B. Green* and *Thomas F. Ryan* for respondent.

PHILIPS, C.—This is an action, instituted in the Buchanan circuit court to recover damages, based on the following petition :

" Plaintiff, for cause of action, states that the defendant

is a corporation duly incorporated and organized under the laws of the state of Illinois, and that on the 15th day of July, 1879, and for some time prior thereto, it was in the possession, control and occupancy of a certain railroad in the State of Missouri that is known as the Chicago & South-Western Railroad, running through the counties of Platte, Clinton and Buchanan, in the State of Missouri, and was operating said railroad with its cars and locomotives on the said 15th day of July, 1879. That said railroad runs along and through the north side of a part of the southeast quarter of section 16, township 55, range 37, in Rush township, Buchanan county, Missouri. That the plaintiff, on the said 15th day of July, 1879, was the owner of the said part of the north half of the southeast quarter of section 16, township 55, range 37, in said county and State aforesaid; and that he was cultivating said land at said time, and had grown thereon crops of wheat, oats and corn; that said wheat and oats were harvested and in the shock. That on the said 15th day of July, 1879, and at different times prior thereto, certain hogs went upon defendant's said railroad track, (which defendant was operating and had control of as aforesaid,) and strayed therefrom in and upon said land of plaintiff, and destroyed plaintiff's wheat, corn and oats. That plaintiff had destroyed by said hogs which so went upon defendant's railroad track and so strayed therefrom on to plaintiff's land, 100 bushels of wheat, worth at its market value, $1 per bushel; fifty bushels of corn, worth at its market value, thirty-five cents per bushel, and oats of the value of $5; and that plaintiff has been damaged by reason thereof in the sum of $122.50.

Plaintiff states that said hogs went upon said railroad track at a point on said railroad where said railroad track enters the land of plaintiff, heretofore described, and where the same was not inclosed by a lawful fence, and where there were not sufficient cattle-guards to prevent said hogs from going upon defendant's said railroad track, and strayed therefrom upon the said land of plaintiff. Plaintiff states

that by reason of the failure of the defendant to construct and maintain sufficient fences and cattle-guards to prevent said hogs from going upon the track of defendant and straying therefrom upon the plaintiff's lands, he has been damaged, as aforesaid, in the sum of $122.50. Plaintiff says that by virtue of section 43, article 2 of chapter 37 of Wagner's Statutes of the State of Missouri, and the amendments thereto, plaintiff is entitled to recover of defendant double the amount of damages which he has sustained. Wherefore plaintiff prays judgment for the sum of $255, and costs."

The answer was a general denial. Verdict and judgment for plaintiff, from which the defendant, after an unsuccessful motion in arrest of judgment, has appealed to this court.

The matter relied on for a reversal of the judgment below, is the alleged insufficiency of the petition. It is rendered unnecessary to review the objections made against the petition, for the reason that they fall within the principles considered and determined in the case of *Jackson v. St. Louis, Iron Mountain & Southern R'y Co., ante,* p. 147, and the authorities therein cited.

Tested by the principles therein settled, the judgment of the circuit court must be affirmed. All concur.